**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **Criminal No. 07-61-B-W** |
| **v.** | ) | |
| | ) | |
| | ) | |
| **ROBERTO RODRIGUEZ** | ) | |

**MOTION FOR THE ISSUANCE OF AN ARREST WARRANT, FOR REVOCATION OF ORDER SETTING CONDITIONS OF RELEASE, AND FOR AN ORDER DIRECTING THE DEFENDANT'S PRETRIAL DETENTION AND FOR EXPEDITED CONSIDERATION**

NOW COMES the United States of America, by and through Paula D. Silsby, United States Attorney for the District of Maine, and Joel B. Casey, Assistant United States Attorney, and respectfully moves this Honorable Court, pursuant to 18 U.S.C. §3148(b), for an order (1) issuing a warrant for his arrest, (2) revoking the order setting conditions of pretrial release for the defendant, and (3) directing his detention pending trial. In support of this Motion, the Government respectfully submits the following facts which, unless otherwise stated, were provided to it in a written report from Senior United States Probation Officer Wade Maddox ("Officer Maddox") on March 21, 2008, attached hereto as Exhibit 1:

1. On September 17, 2007, the defendant was arrested as he and his co-defendant, Pedro Rosario, attempted to deliver what was believed to be two kilograms of cocaine to a Drug Enforcement Administration cooperating source.

2. On September 18, 2008, the defendant was charged in a one count indictment with conspiracy to possess with intent to distribute 500 grams or more of cocaine. See Docket Entry No. 1. The charge carried with it a five year mandatory minimum term of imprisonment if the defendant was convicted. See 21 U.S.C. § 841(b)(1)(B).

3. On September 18, 2008, the Government moved for the defendant's pretrial

detention. See Docket Entry No. 5.

4. On September 26, 2007, the Court held a hearing on the Government's motion, and took it under advisement, pending the completion of a further bail suitability investigation by the U.S. Pretrial Services Office. See Docket Entry No. 26.

5. On October 1, 2007, the Court released the defendant on bail conditions, including a condition of home confinement at a residence in Rhode Island. See Docket Entry No. 30. (The evidence at the hearing demonstrated that the defendant was a resident of Rhode Island and was represented by counsel from that state.) He was also required to report as directed to the U.S. Pretrial Services Office for the District of Rhode Island.

6. Subsequent confirmatory laboratory testing revealed that the substance seized from the defendant on September 17, 2007, was a mixture or substance containing cocaine base, not cocaine hydrochloride, as the field testing had suggested. Consequently, on November 16, 2007, the Government obtained a superseding indictment, charging the defendant with conspiracy to possess with intent to distribute 50 grams or more of cocaine base. See Docket Entry No. 46. The charge carries with it a ten year mandatory minimum term of imprisonment if the defendant was convicted. See 21 U.S.C. § 841(b)(1)(A).

7. On December 18, 2007, the defendant was arraigned on the new charge and, following entry of a not guilty plea, his pretrial release on conditions was continued. See Docket Entry No. 63.

8. On January 11, 2008, the defendant moved to amend his bail conditions. See Docket Entry No. 73. The motion proposed that a condition be added to the defendant's release order requiring him to undergo mental health treatment to the satisfaction of the supervising

officer. Id. The motion was based upon the January 8, 2008 report by pretrial services in the District of Rhode Island that the defendant was experiencing suicidal ideation. Id.[1]

9. On February 5, 2008, Rhode Island counsel for the defendant moved to withdraw his appearance, citing the development of a significant potential ethical conflict. See Docket Entry No. 79. The motion was granted the next day. See Docket Entry No. 80. The defendant's local counsel assumed responsibility for the defendant's representation.

10. On February 13, 2008, the Court entered an amended order setting conditions of release, which added the condition 7(k) requiring the defendant to undergo mental health treatment to the satisfaction of the pre-trial services officer.

11. On March 21, 2008, Officer Maddox reported that he had received word from Officer Pletcher of the U.S. Pretrial Services Office in Rhode Island that the defendant had attempted to commit suicide by drinking an entire bottle of benadryl. The defendant was rushed to the hospital for treatment and was held overnight for observation. Hospital staff expressed the opinion that the defendant is a high risk to himself and needed a secure setting. According Officer Pletcher, the defendant was directed to check into a residential mental health treatment facility, but he refused, thereby necessitating a temporary civil commitment. Officer Pletcher expressed his professional opinion that the defendant is very unstable, poses a serious risk of danger to himself and a significant risk of nonappearance. Officer Pletcher recommends that the defendant go directly into custody once he is released from the hospital.

12. Based on the foregoing, there is clear and convincing evidence that the defendant

---

[1] The requested amendment, although made by the defendant, came at the suggestion of the Government and Officer Maddox, as a measured response to the flight issues generated by the defendant's apparent troubled mental state.

has violated condition 7(k) of the amend order setting conditions of release. He was directed to undergo residential mental health treatment by his supervising officer, and he has refused.

13. Moreover, the facts described herein support a conclusion that the defendant now poses a risk of flight. Since the return of the superseding indictment charging him with an offense carrying an increased ten year mandatory minimum term of imprisonment, the defendant has suffered from suicidal ideation and has attempted suicide.

14. A long accepted rule of evidence treats suicide as form of flight and statements expressing an intent to commit suicide is a logical extension of that rule. See United States v. Cody, 498 F.3d 582, 591 (6th Cir. 2007). See also Tug Raven v. Trexler, 419 F.2d 536, 543 (4th Cir. 1969) (evidence of the suicide of the person in charge of gasoline-discharging operations on a barge that caught fire, killing a member of the crew of a tug boat moored next to the barge, eight days after that person testified in the Coast Guard investigation of the fire was admitted as possibly showing consciousness of guilt, on the ground that "suicide is a form of flight"), cert. denied, 398 U.S. 938 (1970).

15. Indeed, in United States v. Janze, 124 F.R.D. 86 (M.D.Pa. 1989), the district court considered the defendant's statements reflecting suicidal ideation as supporting the magistrate's finding that he posed a risk of flight, warranting the revocation of his release. Id. at 90.

16. Here, it is apparent that the defendant is very troubled, is contemplating suicide, and has attempted suicide. It is also apparent that he will not comply with instructions from his pretrial services officer intended to address his troubled state of mind. It is a long accepted rule of evidence that suicide is a form of flight. Here, the Court has an ample record to conclude that the defendant poses a suicide risk, and therefore a risk of flight, that cannot be adequately

addressed through the imposition of additional conditions.

WHEREFORE, the Government respectfully moves this Honorable Court to issue a Warrant for his Arrest, revoke the Defendant's bail, and order his detention pending trial of this case. Given the nature of the defendant's non-compliance with his bail conditions, and his current mental state, the Government respectfully requests expedite consideration of its request for a warrant.

Dated at Bangor, Maine, this 21st day of March 2008.

Respectfully submitted,

PAULA D. SILSBY
United States Attorney

By /s/ Joel B. Casey

JOEL B. CASEY
Assistant U.S. Attorney

**UNITED STATES DISTRICT COURT**
**CERTIFICATE OF SERVICE**

I hereby certify that on March 21, 2008, I electronically filed the document(s) with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Counsel for the Defendant
Bruce Mallonee, Esq.

Paula D. Silsby
United States Attorney

/s/ Joel B. Casey

Assistant United States Attorney
United States Attorney's Office
202 Harlow Street, Room 111
Bangor, Maine 04402-2460
(207) 945-0373
Joel.Casey@usdoj.gov

# UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE
# DISTRICT OF MAINE

*Interoffice Memorandum*

Date: March 21, 2008

To: Joel B. Casey, AUSA

**Subject: RODRIGUEZ, Roberto**
**Dkt. No. 07-61-B-W-02**

**REQUEST FOR ARREST WARRANT AND BAIL REVOCATION**

From: Wade B. Maddox, USPO

On October 1, 2007, the defendant was released on a $10,000 unsecured bond and pretrial supervision with numerous conditions. He was directed to reside at 59 Summer Street, 1st Floor, Central Falls, Rhode Island, and was supervised, on a courtesy basis, by Senior U.S. Probation Officer Brian Pletcher of the District of Rhode Island. Senior U.S. Probation Officer Wade B. Maddox was responsible for the case in the District of Maine.

On January 28, 2008, Officer Pletcher contacted Officer Maddox and advised that defendant Rodriguez was suicidal and made comments that he would rather be dead than go to federal prison. He was sent to the Butler Hospital in Providence, Rhode Island, where he was evaluated. The evaluation determined that the defendant was in need of outpatient mental health treatment. Officer Pletcher requested that the District of Maine amend the bail conditions to include a mental health condition. On February 13, 2008, the defendant's bail conditions were amended to include mental health treatment.

On March 19, 2008, Officer Pletcher contacted Officer Maddox and advised that the defendant attempted suicide by consuming an entire container of Benadryl. He was taken to the Pawtucket Memorial Hospital in Rhode Island for medical treatment.

On March 20, 2008, Officer Pletcher contacted Officer Maddox and noted that he had a conversation with the defendant's social worker at the hospital. The defendant was evaluated and referred to an inpatient psychiatric center. The hospital determined that the defendant was still a high risk to harm himself and needed a secure setting. They await a state-funded bed, but it is likely that the defendant will be sent to St. Joseph's Hospital in Providence, Rhode Island. It was also noted that the defendant would not enter the program voluntarily which will result in a temporary civil commitment. This constitutes a violation of the defendant's bail condition requiring him to fully participate in mental health treatment.

Late on March 20, 2008, Officer Pletcher advised Officer Maddox that it was his professional opinion that defendant Roberto Rodriguez is very unstable, poses a serious risk of danger to himself, and poses a significant risk of nonappearance as he faces a custody sentence of 10 years to life. Officer Pletcher went on to suggest that the defendant should go directly into custody once released from the hospital.

The status of this case was discussed with other U.S. Probation Office staff in Bangor. Based on the above, we would respectfully request that a warrant be issued and that the defendant's bail be revoked.